Edward Alan HENSON and wife Sally Bernice Henson, Plaintiffs-Appellants,

v.

DIEHL MACHINES, INCORPORATED, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

May 7, 1984.

Application for Permission to Appeal Denied July 23, 1984.

David Hardee, Jackson, for plaintiffs-appellants.

Stephen K. Heard, Nashville, for defendant-appellee.

CRAWFORD, Judge.

Plaintiffs appeal from the order of the trial court granting summary judgment for defendant. Plaintiffs do not take issue with the propriety of the summary judgment, but contend that their previously granted default judgment was erroneously set aside by the trial court, thus enabling defendants to defend and ultimately obtain the summary judgment. The only issue presented on this appeal is whether the trial court abused its discretion in setting aside plaintiffs' previously granted default judgment.

A review of the pleadings, affidavits and memoranda in the record reveals the following: Plaintiffs, Edward Alan Henson and wife, Sally Bernice Henson, filed suit against defendant, Diehl Machines, Incorporated, in Circuit Court of Madison County on September 1, 1982. The complaint alleged that Mr. Henson sustained personal injuries caused by a machine manufactured by the defendant and predicated the action on the theories of negligence, implied warranty, strict liability and negligent design. An identical lawsuit was filed by plaintiffs against the same defendant in defendant's home state of Indiana on September 9, 1982. Defendant was duly served in both cases and forwarded the suit papers to its insurance carrier. The insurance carrier's representative failed to notice that there were two identical suits filed in different states and only recognized the suit filed in Indiana. The suit papers received by the insurance company were forwarded to counsel in Indiana to handle the defense, and an appearance was duly made in the Indiana court. No appearance was made in the instant case and initially no pleadings were filed on behalf of defendant. Without notice to defendant on November 5, 1982, in open court, plaintiffs were granted a default judgment and presented proof concerning the alleged injuries and damages. On December 20, 1982, judgment totaling $79,104.81 was granted to plaintiffs against defendant.

Indiana counsel for defendant noticed that he had actually received suit papers for the Tennessee lawsuit in addition to the suit papers for the Indiana lawsuit. He called plaintiffs' counsel and was advised that plaintiffs intended to proceed with both lawsuits. Thereupon, defendant obtained Tennessee counsel and on December 28, 1982, a notice of appearance and a motion for additional time within which to plead were filed on behalf of defendant by the retained counsel. Subsequently, on January 11, 1983, defendant, through counsel, filed a motion to set aside the default judgment entered on December 20, 1982, and attached to the motion as exhibits the affidavits of a John J. Sweeney, Thomas J. Trauring, and Robert L. Estes.

The affidavit of Sweeney states that he is the casualty claim manager of defendant's insurance carrier, and he has responsibility for overseeing litigation. He received the suit papers in the instant case on or about September 13, 1982, and upon opening the envelope he noticed the top paper was a form summons from the State of Tennessee, Circuit Court of Madison County, with the Tennessee and Madison County X'ed out, and in the place thereof was typed the State of Indiana and County of Wabash. Attached to this summons was the complaint styled in the Circuit Court for Wabash County, Indiana. He did not notice the second summons reflecting

the lawsuit in Madison County, Tennessee. He further states he suffers from glaucoma and just did not notice that there were two separate lawsuits, because he thought the extra suit papers were copies of the same lawsuit. He thereupon forwarded the suit papers to attorney Trauring in Indiana to handle the defense of the lawsuit, and he was not aware of the Tennessee lawsuit, until he received on December 23, 1982, an unsigned copy of the order granting default judgment. Immediately upon learning of the Tennessee lawsuit, counsel was hired to defend the case. The affidavit of Thomas J. Trauring states that on November 15, 1982, his law firm was asked to appear on behalf of defendant in an action filed in Wabash Circuit Court, and an appearance was filed on that same day in that court. A copy of the appearance was served on plaintiffs' counsel by U.S. Mail on that same date, and on November 18, 1982, he talked by telephone with a female person identifying herself as Susan Taylor Shoaf, one of the attorneys for plaintiffs. He inquired as to whether plaintiffs intended to pursue both the Indiana and Tennessee cases and was informed by Ms. Shoaf that she would have to let them know after she talked to Mr. Hardee. On December 13, 1982, he again talked to the same female person, and she indicated that no decision had been made concerning his previous inquiry, but they were likely to pursue both actions. Thereupon, he proceeded to defend the action in Indiana.

The affidavit of Robert L. Estes states that he is a practicing attorney in Nashville, Tennessee, that his firm was retained to represent defendant on December 23, 1982, that he immediately attempted to contact plaintiffs' attorney and filed notice of appearance, motion for extension of time and supporting affidavits with the clerk of the Circuit Court of Madison County. On December 27, he learned that a default judgment had been taken and that the order of default judgment was entered December 20, 1982. On December 27, 1982, he spoke with plaintiffs' attorney, David Hardee, and asked him to voluntarily set aside the default judgment, but his request

was denied. He thereupon investigated through his client the reasons why the assignment to his firm had not been made earlier and learned of the facts as set out in the Sweeney affidavit. The affidavit further sets out that notice of the default judgment was not given, and that the affiant believes a valid defense exists based on the ten year statute of limitations, the failure to give requisite notice of an alleged breach of warranty, assumption of the risk, misuse and contributory negligence.

In response to the motion and affidavits filed by the defendant, plaintiffs filed the affidavits of their attorneys, David Hardee and Susan Taylor Shoaf. In his affidavit, David Hardee states that the action was filed on September 1, 1982, and that they heard nothing from anyone until after the default judgment was taken on November 5, 1982. He sets out in detail the financial straits of plaintiffs and asserts that plaintiffs would be prejudiced if the default judgment is set aside. He asserts that plaintiffs complied with the Tennessee Rules of Civil Procedure. In her affidavit Susan Taylor Shoaf states that she is one of the attorneys for the plaintiffs and relates the history of the case up through the date the judgment by default was taken in open court on November 5, 1982. The affidavit provides that the first communication she had with attorney Trauring was on November 18, 1982, after the appearance for the default judgment on November 5, 1982. She substantiates Trauring's version of the conversation concerning which case plaintiffs intended to pursue, and during a subsequent conversation with Trauring on December 13, 1982, she advised Trauring they were going to pursue both actions. She further states that she at no time misled Trauring as to the action in either lawsuit and answered all of his questions honestly. Affidavits were also filed by the plaintiffs, Edward and Sally Henson, reiterating the allegations concerning the severe injuries and damages incurred by the plaintiffs.

On July 18, 1983, the defendant through counsel filed a pleading styled, "Tendered

Answer" which sets out various defenses to the complaint filed by plaintiffs. The ten year statute of limitations set out in T.C.A. § 29–28–103 (1980) was among the defenses raised by defendants and the trial court in dismissing the case relied upon this defense.

A hearing was held on defendant's motion to set aside the judgment by default, and an order was entered August 25, 1983, that set the judgment aside.

■ We note the motion to set aside the default judgment was filed and served within thirty days of the entry of the judgment, and it should be deemed a motion for a new trial under Tenn.R.Civ.P. 59 which can afford relief from a judgment because of mistake, inadvertence, surprise or excuseable neglect. *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn.1977).

Tenn.R.Civ.P. 55.02 provides:

Setting aside default—For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02.

As stated by Justice Brock in *Campbell v. Archer, supra:*

The function of this Rule [60.02] is to give relief from *final* judgments; Rule 59, providing for a motion for new trial, is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final.

*Id.* at 112.

■ In any event, the setting aside of a judgment addresses itself and lies within the sound discretion of the court. *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn.App.1973). As pointed out by our present Presiding Judge Parrott in *Keck, supra:*

Generally the grounds for vacating a default judgment are: mistake, inadvertence, surprise, excusable neglect or misfortune on the part of the defendant or his counsel. Ordinarily a default judgment is vacated where the appearance of the party or his pleading was prevented by some mistake of fact. [Citations omitted].

*Id.* at 267.

■ In the case before us, the representative of defendant clearly made a mistake of fact in thinking only one lawsuit had been filed. Immediately upon learning of the mistake, counsel was retained for the Tennessee lawsuit. Upon learning of the default judgment and within thirty days of the entry thereof, a motion was filed to set aside the default judgment with supporting affidavits that established the facts concerning the mistake and a meritorious defense to the lawsuit filed by plaintiffs. Subsequent to the filing of the motion to set aside the default judgment, and prior to the hearing thereof, defendant filed a pleading entitled, "Tendered Answer" setting out various defenses to the action filed by plaintiffs, one of which was a defense relied upon later by the trial judge in granting summary judgment for defendant. We can find nothing in this record to indicate an abuse of discretion by the trial judge in setting aside the judgment by default, and, therefore, we affirm the judgment of the trial court and assess the costs of appeal against the appellant.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.