IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

JAMES PRINCE, d/b/a
BIG JIM, INC.,

        Plaintiff-Appellee,

Vs.

CHARLES CAMPBELL, Individually
and d/b/a LIMOUSINES BY KC,

        Defendant-Appellant.

Marshall Circuit No. 12638

C.A. No. 01A01-9806-CV-00276

FILED

February 5, 1999

Cecil W. Crowson
Appellate Court Clerk

_____

FROM THE MARSHALL COUNTY CIRCUIT COURT
THE HONORABLE LEE RUSSELL, JUDGE

L. Bruce Peden of Columbia
For Appellee

Keith Jordan of Nashville
For Appellant

*VACATED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal involves a motion to set aside a judgment. Defendant/cross-plaintiff, Charles

Campbell (Campbell), appeals the judgment of the trial court awarding money damages to

plaintiff/cross-defendant, James Prince (Prince).

This case arose from a contract entered into between the parties in April 1995 in which Campbell agreed to transfer a limousine from his business to Prince in exchange for the opportunity to run Prince's "World Famous Stagecoach Lounge." Prince filed suit against Campbell for breach of contract and fraud in August 1995 alleging that Campbell failed to make lease payments on the property and refused to transfer the limousine agreed upon in the contract. Campbell's answer denied the material allegations and asserted a counterclaim for conversion, fraud, and breach of contract.

After more than a year, Prince filed a motion to set the case for trial, and the case was set for a non-jury trial on January 23, 1998. On January 9, 1998, Campbell's attorney, James Lewis (Lewis), filed a motion to withdraw. In pertinent part the motion states:

> Comes now James Bryan Lewis, attorney for Defendant Charles Campbell and moves this honorable Court to be allowed to withdraw from the above-styled matter. In support of this Motion, counsel would state that Defendant failed to communicate and cooperate with counsel. A trial is set in this matter for January 23, 1998. As of January 8, 1998, Defendant had not contacted counsel concerning either the trial or for deposition preparation. Counsel also represents Defendant in another case and Defendant has failed to respond to counsel's requests to produce discovery and has failed to address a Motion to Compel and for Sanctions. Based on Defendant's conduct in this case and the other case, counsel is unable to continue his representation of Defendant.

Lewis certified that a copy of this motion was mailed to Campbell on January 8, 1998. On January 16, the trial court held a hearing on the motion to withdraw. The judge ruled from the bench that Campbell's counsel could withdraw, but the trial was scheduled for January 23, 1998. On January 16, Lewis sent Campbell the proposed order to withdraw which clearly stated that the trial was set for January 23. However, at oral argument before this Court, Campbell's counsel, while admitting Campbell received this letter, stated that his client failed to open it.

The order granting the motion to withdraw was entered January 23, 1998. This same day, the case was tried without the presence of Campbell, and the court, after considering the sworn testimony of Prince and the record as a whole, rendered a judgment for Prince and awarded $77,000[1] as damages.

---

[1]The day of trial, Prince filed a motion to amend the complaint to reduce the amount requested as damages from $97,000 to $77,000. There is no record as to the trial court's action

2

After being served with the judgment in this case, Campbell obtained new counsel and on February 10, 1998, he filed a motion to set aside the January 23 judgment. Along with the motion, Campbell filed his own affidavit which in pertinent part states:

> 3. In February 1997, Mr. James Bryan Lewis was substituted for Mr. March as my attorney. Mr. Lewis also represented me in other matters unrelated to the dispute which is involved in this litigation.
>
> 4. In part because of perceived problems with his representation in these other matters, Mr. Lewis informed me that he was requesting this Court to withdraw as my attorney in this case, as well.
>
> 5. I was left with the impression that I would have a reasonably short time after Mr. Lewis' withdrawal to find new counsel, and initiated steps to secure representation.
>
> 6. Before I could locate and retain an attorney, I was sent a copy of the Judgment, which was entered one week after my prior lawyer withdrew from the case.

After a hearing on March 13, 1998, the trial court denied the motion to set aside the judgment, and Campbell appeals this order. The only issue presented for review is whether the trial court erred in overruling the Rule 60.02 motion to set aside the judgment. We note that the motion was filed and served within 30 days of the entry of the judgment and should be deemed a Tenn.R.Civ.P. 59 motion which can afford relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect. *Henson v. Diehl*, 674 S.W.2d 307 (Tenn. App. 1984) (citing *Campbell v. Archer*, 555 Tenn. 110 (Tenn. 1979)).

A motion to set aside a judgment is addressed to the sound discretion of the trial court. *Henson*, 674 S.W.2d at 310. The reviewing court's scope of review of the trial court's action in denying the extraordinary relief sought is limited to whether the trial court abused its discretion. *See Travis v. City of Murfreesboro*, 686 S.W.2d 68 (Tenn. 1985).

To determine whether Campbell should be afforded relief because of mistake, inadvertence, surprise or excusable neglect, we must look to the circumstances of his counsel's withdrawal.

We first examine the Code of Professional Responsibility regulating the practice of law as adopted by our Supreme Court. Rule 8, Rules of the Supreme Court. DR 2-110 provides in

---

regarding this motion, but the damages awarded seem to mirror those in the proposed amended complaint.

part pertinent to this case:

> **DR 2-110. Withdrawal from Employment**. - (A) In general.
> (1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.
> (2) In any event, a lawyer shall not withdraw from employment until the lawyer has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.
>
> *  *  *
>
> (C) Permissive withdrawal.
> If DR 2-110(B) is not applicable, a lawyer may not request permission to withdrawal in matters pending before a tribunal, and may not withdraw in other matters, unless such request ro such withdrawal is because:
> (1) The client:
> *  *  *
> (d) By other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively.
> *  *  *

For guidance to lawyers, Rule 8 also provides objective standards in the form of ethical considerations. Pertinent to our inquiry is EC 2-32, which states:

> A lawyer should not withdraw without considering carefully and endeavoring to minimize the possible adverse effect on the rights of the client and the possibility of prejudice to the client as a result of the lawyer's withdrawal. Even when the lawyer justifiably withdraws, a lawyer should protect the welfare of the client by giving due notice of the withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm.

EC 2-32.

There is no assertion that Lewis's withdrawal as Campbell's attorney was not justified. However, in view of the close proximity of the trial date and Lewis's duty mandated by DR 2-110(A)(2), Lewis should have been certain that Campbell was informed that he was expected to be at the trial on January 23, 1998. Campbell's affidavit states, "I was left with the impression that I would have a reasonably short time after Mr. Lewis's withdrawal to find new counsel, and initiated steps to secure representation." We have no transcript or statement of the evidence for the hearing on the motion to set aside the judgment, but the trial court's order denying the motion does not refer to any introduced evidence. The only information in the record concerning

4

notice to Campbell is Lewis's certification on the motion to withdraw that he mailed a copy to Campbell on January 8, 1998, and Lewis's certification on the judgment subsequently entered on January 23, 1998 that he mailed a copy of the judgment to Campbell on January 16, 1998. While both of these writings stated that the trial was set for January 23, 1998, it is at least questionable whether a lay person can understand that in view of the developments the trial would still take place at that time.

Since there is no express instruction from the attorney that Campbell should prepare for trial on January 23, 1998, the withdrawal of the attorney within a week of trial without substitution of another attorney could be considered to warrant Campbell's mistaken impression that he had a reasonable time within which to obtain an attorney and proceed with the case. Under the state of the record before us, we feel that justice requires that the judgment in this case be set aside.

Accordingly, the judgment of the trial court is vacated, and the case is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed one-half to appellant and one-half to appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**

5