# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 2, 2001

## RONALD DWAYNE CARTER v. PAULETTE D'ANNE CARTER

**Appeal from the Chancery Court for Sumner County**
**No. 2000D-599     Tom E. Gray, Chancellor**

---

**No. M2001-00692-COA-R3-CV - Filed September 18, 2001**

---

This is an appeal by Paulette D'Anne Carter from the refusal of the trial court to set aside a default judgment and a final judgment adjudicating divorce and custody. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M..S. and PATRICIA J. COTTRELL, J., joined.

Michael W. Edwards, Hendersonville, Tennessee, for the appellant, Paulette D'Anne Carter.

James M. Hunter, Jr., Gallatin, Tennessee, for the appellee, Ronald Dwayne Carter.

## MEMORANDUM OPINION[1]

On October 13, 2000, Ronald Dwayne Carter filed suit for divorce against Paulette D'Anne Carter in the Chancery Court for Sumner County. The complaint sought divorce on grounds of inappropriate marital conduct and custody of the minor child of the parties. The complaint contained a prayer for temporary custody of the child and sought a show cause order relative to custody on the 17th day of November, 2000 at 8:00 a.m.

On October 16, 2000, the Chancellor issued a show cause order to Paulette D'Anne Carter to appear for a temporary custody hearing on November 17, 2000 at 8:00 a.m.

---

[1] Court of Appeals Rule 10(b):

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Process was served on Defendant on October 27, 2000 along with a copy of the show cause order.

On November 17, 2000, a temporary custody and support hearing was held in which the trial court heard the "testimony of the parties in open court."

On November 29, 2000, the Chancellor entered a decree based on the testimony given on November 17, 2000, that it was in the best interest of the minor child for temporary custody to be placed with the father pending a final hearing in this matter "which is to be set January, 2001."

On December 6, 2000, Plaintiff filed a motion for judgment by default pursuant to T.R.C.P. 55.01 as Defendant had not timely answered the complaint. This motion was accompanied by a notice to Defendant that the motion for default would be heard on January 5, 2001 at 8:00 a.m.

Such hearing was held on January 5, 2001, and the Chancellor entered judgment on January 19, 2001 reflecting his findings and holding:

> It further appearing to the Court from the testimony of the plaintiff and witnesses in open court and from all of the proof that the allegations of the plaintiff's complaint are sustained by the proof in that the defendant has been guilty of inappropriate marital conduct to such an extent that the plaintiff is entitled to an absolute divorce.

This decree also granted custody to the father.

On February 15, 2001, the mother filed a T.R.C.P. Rule 60 motion even though the January 19, 2001 order was not at that time final. She sought to set aside the judgment on the basis that she had been unable to employ counsel and that she had a good faith defense to the complaint.

On March 9, 2001, the Chancellor denied the Rule 60 motion and on March 15, 2001, Wife filed her notice of appeal.

On March 26, 2001, Appellant filed her notice that no transcript or statement of the evidence would be filed in the cause.

The only issue on appeal is whether or not the trial judge erred in failing to set aside the judgment by default and the final decree of divorce.

The setting aside of a default judgment lies within the sound discretion of the trial court. *Henson v. Diehl Machs., Inc.*, 674 S.W.2d 307 (Tenn. Ct. App. 1984).

The record shows that on November 17, 2000, a temporary custody hearing was held in which Defendant testified along with other witnesses. The record further shows that Defendant had adequate notice of the hearing of January 5, 2001 in which the trial court heard testimony and

granted the divorce. It is the duty of the appellant to provide this Court with a transcript of the evidence or a T.R.A.P. Rule 24 statement of the evidence. Without either, we have no way of determining the factual basis for the trial court's judgment following either the November 17, 2000 hearing or the January 1, 2001 hearing.

This Court has said:

> Our ability to deal with this issue is hampered by the absence of either a transcript of the proceedings in the trial court or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c).
>
> When a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Since we cannot know what evidence the trial court heard in either of the hearings, we have no basis for holding that he abused his discretion in refusing to set aside the default judgment and the final judgment in this case.

The judgment of the trial court is affirmed. The costs of this cause are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE

-3-