IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 21, 2009 Session

## BENTON COUNTY, TENNESSEE, ET AL. v. VERN FRANKLIN CHUMNEY

Direct Appeal from the Circuit Court for Benton County
No. 7CCV-1149      Charles C. McGinley, Judge

No. W2008-02697-COA-R3-CV - Filed September 8, 2009

This is an eminent domain case. The Appellants appeal the trial court's denial of a Tenn. R. Civ. P. 15.02 motion. We dismiss the appeal for failure to appeal a final judgment.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Ricky L. Wood, Parsons, Tennessee, for the Appellants, Benton County, Tennessee, Decatur County, Tennessee; for and on behalf of Benton-Decatur Special Sewer District.

Robert L. Green, Memphis, Tennessee, for the Appellee, Vern Franklin Chumney.

**OPINION**

This case arises out of two complaints, one filed in Benton County, and the other filed in Decatur County, relative to Petitions for Eminent Domain filed by the Appellants Benton County and Decatur County for and on behalf of Benton-Decatur Special Sewer District. The Benton-Decatur Special Sewer District ("Sewer District") is a joint venture between the two counties to install a sewer district in close proximity to I-40, which joins both counties. Several easements were used by the Sewer District to complete the project. The property at issue in this appeal is owned by the Appellee Vern Franklin Chumney, and lies in both Decatur and Benton counties. The separate condemnation complaints were consolidated and tried together in the Circuit Court at Benton County by consent of the parties.

The petition to condemn the property was filed on February 5, 2007. On March 8, 2007, the court entered an Order of Possession which states that the Sewer District "has fulfilled its statutory notice requirements to Defendant" and that the Sewer District's "right to condemn the...property and take possession of...same has not been questioned nor disputed by objection of the Defendant." Consequently, under Tenn. Code Ann. § 29-17-803(c), the court ruled that, as the condemning

governmental entity, the Sewer District had the right to possession of the property. The property was specifically identified as five permanent sewer easements across a portion of "Map/Par. 6-6.02," being more specifically described as "Easement 'A' (20-foot)," "Easement 'B' (30-foot)," "Easement 'C' (5-foot)," "Easement 'D' (20-foot)," and "Easement 'E' (20-foot)." The court also awarded the Sewer District a "10-foot-temporary construction easement on various sides of and parallel and adjacent to the...permanent easements," which was to be used only during the construction phase of the project. The determination of just and fair compensation for the easements was reserved for later hearing.

The hearing on compensation was held on May 9, 2008. At the outset of that hearing, the court made the following comments concerning the scope of the hearing:

> THE COURT: The attorneys just met with me in chambers and have essentially informed the Court that the only issue in this case is the value of the property taken. The parties have stipulated that the date of taking will be considered the date of the appraisal.
>
> MR. WOOD [attorney for the Sewer District]: Right.
>
> THE COURT: And as a result, [the Court must determine] what the fair market value was at that time. Correct?
>
> MR. WOOD: That's correct.
>
> MR. GREEN [attorney for Mr. Chumney]: That's correct, Your Honor.

The appraisal of the property described in the March 8, 2007 Order of Possession was performed by James E. Wade, Jr., a State of Tennessee Certified Appraiser. Mr. Wade's appraisal, dated June 24, 2005, was admitted into evidence and states that the fair market value of the property, reflected as Easements "A," "B," "C," "D," and "E" in the Order of Possession, is $80,612.40.

At the hearing, Sam McIllwain, owner of the engineering firm employed by the Sewer District to locate easements for the sewer project, testified that the original easement plan concerning Mr. Chumney's property was later modified. Mr. McIllwain testified that, because one of the businesses to be served by the project closed, the Sewer District modified its plan to eliminate the lines planned for that business. According to his testimony, the Sewer District actually used only three easements (as opposed to the original five easements) in its project with the easements being denoted as "11A," "11B," and "11C" on the trial exhibit map. On cross-examination, Mr. McIllwain testified that the original plan was altered to avoid the substantial costs shown on Mr. Wade's appraisal.

In his testimony, Mr. Wade states that he performed a revised appraisal based upon the changes to the Sewer District's plan. Specifically, Mr. Wade valued easement "11A" at $4,324,

"11B" at $3,796. These totals, together with the value of the temporary easement "11C" resulted in a new value of $9,534.19 for the easements that were actually used in the project. Mr. Wade testified:

> Q. The revised appraisal you did only took in three easements; is that correct, that's shown on this plat here?
>
> A. Yes, sir. I believe that's right.
>
> Q. Okay. And that's the property that was actually taken?
>
> A. Yes, sir. As–I believe that's correct.
>
> Q. As testified to by Mr. McIllwain?
>
> A. Right.
>
> Q. Okay.
>
> THE COURT: When you say actually taken, what?
>
> MR. WOOD: Well, actually, the easements were revised.
>
> THE COURT: Writ of Possession–
>
> THE COURT: Yes, sir.
>
> THE COURT: –granting the sewer district the property is all final, right?

Following this exchange, Mr. Wood (attorney for the Sewer District) made the following, oral motion:

> MR. WOOD: Well, that Order [the March 8, 2007 Order of Possession] shows that [the Sewer District was awarded five easements], Your Honor, but I'm going to–that needs to be amended to show the three easements that were actually taken. It's not the five easements.
>
> THE COURT: But they've already taken it. Five.
>
> MR. WOOD: No, they've taken three is all they've taken. They revised.

THE COURT: They have taken five.

MR. WOOD: Well, I would move the Court–

THE COURT: They might have changed their plans on whether or not to actually utilize the easements, but the Writ of Possession granted them possession, both construction easements and permanent easements for all five, correct?

MR. WOOD: The Order reflected that, but the Order is incorrect, and I'm moving to amend the Order to reflect the proof here today that the Order of Possession was only for three easements as testified to and it's apprais[al]. If it's a mistake, it was a mistake–a clerical mistake, a mistake filing the Order. There's [sic] only three easements taken.

I move the Court at this time to do that and they know that. Five easements are not taken.

MR. GREEN [attorney for Mr. Chumney]: Your Honor, the five easements were taken and Your Honor signed that Order back in March of 2007. That's the final Order.... [W]e have established the value of those through this witness to be over $80,000. And we certainly would object to any attempt now to try to change the description of the property taken in that order.

\*                                        \*                                        \*

THE COURT: Okay. Judgment. The Court determines the value [to] be $80,612.40. That is actually the property that was taken in this. Benton County/Decatur County water district can utilize, it's theirs for purpose of the easement. Apparently, they changed their plans, but the property taken, the value as of that date [is] $80,612.40.

MR. WOOD: I would respectfully move the Court to be allowed to amend that Order, Your Honor.

THE COURT: Overruled.

Despite the trial court's ruling, on May 19, 2008, the Sewer District filed a written "Motion to Amend Pleadings to Conform to Evidence." This motion was brought "pursuant to T.R.C.P. 15.02." In addition to this Tenn. R. Civ. P. 15.02 motion, on May 19, 2008, the Sewer District also

filed a Tenn. R. Civ. P. 60.02 motion for relief from the March 8, 2007 Order of Possession[1]. In both motions, the Sewer District seeks to have judgment entered in the amount of $9,634.19, which amount is the uncontested value of the three easements that were actually used in the project (as opposed to the $80,612.40 value of the five easements that were actually granted to the Sewer District by the March 8, 2007 Order of Possession). In its Tenn. R. Civ. P. 60.02 motion, the Sewer District asserts that "the Easement description attached to the Order of Possession was inadvertently and mistakenly placed on the Orders and that the correct legal description [is the one showing the use of only three easements]." By Order of September 18, 2008, the trial court denied the Sewer District's Tenn. R. Civ. P. 15.02 motion; however, from our review of the record, no ruling was ever made on the Tenn. R. Civ. P. 60.02 motion. On November 7, the trial court entered its Order on the hearing to determine fair and just compensation, and awarded a judgment in favor of Mr. Chumney in the amount of $80,612.40. The Sewer District appeals this order and raises two issues for review as stated in its brief:

> 1. Is the Defendant bound by stipulations entered in the record prior to trial?
>
> 2. Did the trial court err by not allowing Plaintiff's oral motion to amend the pleadings to conform to the evidence following the trial and thereafter by written motion pursuant to T.R.C.P. 15.02?

Although neither party has raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008)(no perm. app. filed). Tenn. R. App. P. 13(b). Tenn. R. App. P. 3(a) provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

---

[1] We note that the Order of Possession (from which the Sewer District seeks relief) was not a final order as it specifically reserved the issue of compensation for later hearing. In *Town of Collierville v. Norfolk Southern Railway Co.*, 1 S.W.3d 68 (Tenn. Ct. App. 1998), we held that an order of possession was not a final judgment appealable under Tenn. R. App. P. 3 (and this was true even if the trial court included Tenn. R. Civ. P. 54.02 language). We opined that the proper vehicle for bringing an appeal from an interlocutory order of possession was Tenn. R. App. P. 9. No interlocutory appeal was filed in this case.

Under certain circumstances, a judgment that adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. ***See State ex rel Garrison v. Scobey***, WL 4648359, at *5.

In this case, the trial court has not adjudicated the Sewer District's Tenn. R. Civ. P. 60.02 motion. Moreover, the trial court did not make its order final under Rule 54.02. Accordingly, no final judgment has been entered in the trial court, and we do not have jurisdiction to adjudicate the issues raised on appeal. Tenn R. App. P. 3(a).[2]

In light of the foregoing, this appeal is dismissed and this matter is remanded to the trial court for all further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are assessed against the Appellants, Benton County, Tennessee and Decatur County, Tennessee for and on behalf of Benton-Decatur Special Sewer District, and their surety.

_____
J. STEVEN STAFFORD, J.

---

[2] Like Tenn. R. Civ. P. 60.02(1), Tenn. R. Civ. P. 59 can provide relief from a judgment on account of mistake, inadvertence, surprise, or excusable neglect. ***Henson v. Diehl Machines, Inc.***, 674 S.W.2d 307, 310 (Tenn.Ct.App.1984). When a case has not been fully adjudicated, the trial court should treat a Rule 60.02 motion as a motion to alter or amend under Rule 59.04. ***See Savage v. Hildenbrandt***, No. M1999-00630-COA-R3-CV, 2001 WL 1013056, at *10 (Tenn.Ct.App. Sept.6, 2001). However, because no ruling was made on this purported Tenn. R. Civ. P. 60.02 motion, we do not reach the question of whether the trial court should have treated the Tenn. R. Civ. P. 60.02 motion under Tenn. R. Civ. P. 59.04.