IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 1, 2010 Session

# APAC - ATLANTIC, INC. ET AL. V. SAMUEL ROBERT MORTON D/B/A MORTON CONSTRUCTION

**Appeal from the Circuit Court for Blount County**
**No. L-16621      W. Dale Young, Judge**

**No. E2009-02612-COA-R3-CV  - FILED OCTOBER 12, 2010**

The plaintiff, APAC–Atlantic, Inc. ("APAC"), filed this lawsuit against the defendant, Samuel Robert Morton d/b/a Morton Construction, for breach of contract. APAC moved for a default judgment after Mr. Morton failed to answer APAC's complaint within the allowable time limit established by Tenn. R. Civ. P. 12.01. The trial court entered a default judgment, awarding APAC $106,776.20 in damages. Thereafter, Mr. Morton filed a motion to have the default judgment set aside under Tenn. R. Civ. P. 55.02. After a hearing, the trial court determined that Mr. Morton was not entitled to relief from the final judgment. Mr. Morton appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

James H. Price, Knoxville, Tennessee, for the appellant, Samuel Robert Morton d/b/a Morton Construction.

Brent W. Johnson,  Maryville, Tennessee, for the appellee, APAC-Atlantic, Inc.

**OPINION**

**I.  BACKGROUND**

The circumstances out of which this appeal arises are undisputed.  APAC initiated this action in April 2009, alleging that Mr. Morton, a contractor and property developer, breached

his contractual obligations to APAC when he failed to pay for "valuable services and materials" that APAC supplied for use in Mr. Morton's business. APAC requested $106,776.20 in damages. After receiving proper service of process, Mr. Morton failed to answer APAC's complaint within the 30-day period of Tenn. R. Civ. P. 12.01.

On August 31, 2009, still having received no answer from Mr. Morton, APAC filed and served a default judgment motion. This motion was supported by an affidavit of Mark Thomas, Assistant Secretary-Treasurer of APAC, confirming Mr. Morton's indebtedness to APAC in the amount of $106,776.20. Thereafter, Mr. Morton retained counsel and filed a belated responsive pleading to APAC's complaint on September 10, 2009, the day before the scheduled hearing on the motion for default judgment. In his tardy answer, Mr. Morton denied APAC's averments that APAC had performed all of its duties under the contract and that Mr. Morton had failed to uphold his payment obligations but offered no affirmative defenses to APAC's claims. Mr. Morton was served with notice that a hearing on the motion was scheduled for September 11, 2009, but neither he nor his counsel made an appearance. The trial court entered a judgment by default, awarding APAC damages in the requested amount of $106,776.20.

On September 25, 2009, Mr. Morton filed an application to set aside the default judgment and final decree, accompanied by a supporting affidavit of his counsel. In the affidavit, defense counsel asserted that his client has "good and meritorious defenses on the merits to the claims set forth in the Plaintiff's Complaint" and therefore is entitled to have his application granted so as to permit a determination of the cause upon the merits. On November 2, 2009, the trial court heard arguments on Mr. Morton's motion. Upon concluding that the "Motion to Set Aside Default Judgment [was] not well taken," the trial court denied Mr. Morton's motion on November 13, 2009. This timely appeal by Mr. Morton followed.

## II. ISSUES FOR REVIEW

Mr. Morton raises two issues on appeal, which we restate as follows:

1) Whether the trial court erred in ordering a judgment by default against Mr. Morton.[1]

---

[1]APAC asserts in its brief that we should not consider this first issue, as Mr. Morton did not present it in his notice of appeal. His notice raised only the trial court's judgment entered on November 13, 2009, concerning Mr. Morton's motion to set aside the default judgment.

2) Whether the trial court erred in denying Mr. Morton's motion to set aside the default judgment.

## III. STANDARD OF REVIEW

Mr. Morton argues that the trial court erred in entering the default judgment and then in refusing to set it aside. The decision to enter a default judgment is reviewed for abuse of discretion, *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984), as are motions to set aside default judgments, *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984). Under the abuse of discretion standard, an appellate court is not permitted "to substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). As a general principle, an appellate court will find an abuse of discretion and thus reverse a decision only when the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997). *See also Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

This court has explained the application of the abuse of discretion standard to decisions regarding default judgments as follows:

> Under the abuse of discretion standard, a trial court's ruling will be upheld as long as reasonable minds can disagree as to the propriety of the decision made . . . . In the interests of justice, the courts have expressed a clear preference for a trial on the merits. Motions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed. Rather, such motions are construed liberally in favor of granting the relief requested. If there is reasonable doubt as to whether to set aside a default judgment upon proper application, a court should exercise its discretion in favor of granting relief from the judgment.

*Decker v. Nance*, No. E2005-2248-COA-R3-CV, 2006 WL 1132048, at *2 (Tenn. Ct. App. E.S., Apr. 28, 2006)(internal citations omitted).

## IV. DISCUSSION

### A

Mr. Morton insists that the trial court erred in granting APAC's motion for default judgment. Although Mr. Morton concedes that he was initially notified of the hearing on the motion, he argues on appeal that this initial notice was rendered "moot" by the failure of APAC's counsel to notify his counsel of APAC's intention to proceed with the motion after receiving the belated answer and the written request by Mr. Morton's counsel inquiring about the status of the motion. Mr. Morton further asserts that the trial court's entry of a default judgment in his absence contravened logic, because he had filed an answer, albeit one day prior to the trial court's actual consideration of the motion for default judgment. We find Mr. Morton's argument on this first issue to be unpersuasive.

Tenn. R. Civ. P. 12.01 states, in pertinent part, that "[a] defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon him." Tenn. R. Civ. P. 55.01 authorizes the trial court to enter a judgment by default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Prerequisite to such a ruling is that "all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application." Tenn. R. Civ. P. 55.01.

In the present case, Mr. Morton failed to file an answer that complied with the time limitations prescribed by the procedural rules. Further, he did not file an application for an extension of time in which to respond to APAC's complaint. Instead, Mr. Morton's course of action was to file an answer more than four months after being properly served with the summons and complaint. In his brief, Mr. Morton acknowledges that he, in fact, did not retain counsel to represent him in this matter until September 9, 2009 -- two days before the hearing on the motion for default judgment. The evidence in the record clearly shows that Mr. Morton failed to timely plead or otherwise defend the lawsuit as provided by the Tennessee Rules of Civil Procedure.

As required under Tenn. R. Civ. P. 55.01, the trial court found that Mr. Morton had received notice of the motion for default judgment and hearing. His counsel addressed his absence at the hearing as follows:

> Having filed the Answer the day before [the hearing], and having confirmed receipt thereof with both the Court and APAC's counsel, [Mr.] Morton's counsel stated in his transmittal letter to APAC's counsel: "I trust with the filing of the answer that the motion for default judgment would not be necessary and if it was still to be necessary please let me know." [Mr.] Morton's counsel did not attend the hearing on the Motion for Default Judgment, believing that the motion would not be heard as he received no notice from APAC's counsel that he intended to go forward with his motion.

-4-

The essence of Mr. Morton's contention is that an untimely defensive pleading should preclude entry of a default judgment. We find this argument unavailing. Contrary to Mr. Morton's assertion, this court has previously stated: "The belated filing of an answer is not an adequate response to a motion for default. There must be some application to the court for relief from the failure to timely file an answer." *State of Tennessee ex rel. Jones v. Looper*, 86 S.W.3d 189, 196 (Tenn. Ct. App. 2000)(quoting *Rosche v. Von Holten*, No. 01A01-9012-CH-00466, 1991 WL 74263, at \*5 (Tenn. Ct. App. M.S., May 10, 1991). This court further concluded in *Pache Indus., LLC v. Wallace Hardware Co.*, a case analogous to the one *sub judice*, that "neither the Rules of Civil Procedure nor case law provide[s] that a default judgment must be denied if an answer is filed prior to the court's hearing on the motion." *Id.*., No. E2003-01483-COA-R3-CV, 2003 WL 22668854, at \*3 (Tenn. Ct. App. E.S., Nov. 12, 2003). We are of the opinion that the trial court's granting a default judgment in this case was consistent with applicable legal principles and accordingly, did not constitute an abuse of its discretion. We, therefore, affirm the trial court's decision.

**B**

Next, we address Mr. Morton's contention that the trial court erred in denying his motion to set aside the default judgment. The controlling procedural rule is Tenn. R. Civ. P. 55.02, which states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Rule 60.02 specifies, in relevant part, the grounds upon which a party may be granted relief under Rule 55.02:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) *mistake, inadvertence, surprise or excusable neglect*; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02 (emphasis added).

A party seeking relief from a final judgment under Rule 60.02 bears the burden of offering proof of the basis upon which relief is sought. *Henry*, 104 S.W.3d at 482. In *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980), this court elaborated on this evidentiary burden, stating that the movant must "set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." Mistake or excusable neglect on the part of the moving party's attorney may constitute grounds for setting aside a default judgment. *Id.* The Tennessee Supreme Court has stated that, except in cases of a void judgment, a defendant must demonstrate a meritorious defense to the plaintiff's claim in addition to any affirmative showing of mistake, inadvertence, or excusable neglect as the basis of default. *Patterson*, 665 S.W.2d at 100. In a motion to set aside default judgment, a merely conclusory statement, such as "[t]he respondent . . . believes itself to have a good and valid defense to this action," is insufficient and "does not constitute the assertion of a meritorious defense to the plaintiff's claim." *Id.* at 101.

In determining whether a default judgment should be vacated, Tennessee courts also must consider, in addition to the justifications provided under Rule 60.02, the following three criteria: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)); *see, e.g., Henry*, 104 S.W.3d at 481; *Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, No. M2008-02586-COA-R3-CV, 2009 WL 1181343, at *3 (Tenn. Ct. App. M.S., May 1, 2009). The trial court's findings based on a consideration of these factors are accorded great weight. *Barbee*, 689 S.W.2d at 867 ("Obviously, the trial court is in the best position to assess the various factors that should be considered in determining whether a default judgment should be vacated . . . ."). However, the Tennessee Supreme Court has admonished trial courts to construe Rule 60.02 "with liberality to afford relief from a default judgment." *Id.*

In the case before us, Mr. Morton's motion to set aside default judgment refers generally to Tenn. R. Civ. P. 55.02 but does not specify the subpart under Tenn. R. Civ. P. 60.02 upon which relief is sought. His brief reveals that his petition for relief rests on a judicial finding of "mistake" and "excusable neglect" pursuant to Tenn. R. Civ. P. 60.02(1). Specifically, Mr. Morton asserts that his failure to timely file an answer was due to "excusable neglect." Both the brief and the record of the hearing proceedings for the motion relate that Mr. Morton had pursued "settlement discussions" with APAC's counsel in the hope of avoiding litigation; however, no affidavits to this effect were filed in support of Mr. Morton's motion to set aside the default judgment. The record does not clearly show whether Mr. Morton engaged in these negotiations throughout the entire four-month delay.

Regardless, Mr. Morton's attempts to negotiate a settlement with APAC do not relieve him of his obligation to file a responsive pleading within the time limits established by rule.

The record here is clear that no motion for extension of time to respond was ever filed by Mr. Morton. After being properly served, he permitted more than four months to pass before even acquiring counsel in this matter. In fact, as stated in his brief, Mr. Morton hired his attorney only after receiving notice of APAC's motion for default judgment. The actions taken by Mr. Morton show that he elected to wait until the "eleventh hour" to hire an attorney and file an answer to the complaint. As we emphasized in *Looper*, "defendants are not allowed to prolong litigation by imposing procedural delays. The default judgment protects a diligent party from continual delay and uncertainty as to his or her rights." *Looper*, 86 S.W.3d at 194 (quoting 49 C.J.S. *Judgments* § 196 (1997)). We find the four-month delay to be unreasonable in its length and therefore inexcusable under the circumstances. Mr. Morton simply failed to defend this lawsuit as provided by the Tennessee Rules of Civil Procedure. We agree with the trial court's statement at the close of the hearing on Mr. Morton's motion: "Mr. Morton has kind of slept on his rights."

Mr. Morton also argues that his counsel's failure to attend the hearing on the motion for default judgment constituted a "mistake" pursuant to Rule 60.02(1). Mr. Morton does not dispute, however, that he was properly served with APAC's motion for default judgment and notice that a hearing on that motion had been scheduled on September 11, 2009. As stated in Mr. Morton's brief and the hearing proceedings, counsel for Mr. Morton did not appear at the hearing on the motion for default judgment "because he believed that the filing of an Answer would obviate the need for a hearing on the motion absent notice to the contrary from APAC's counsel." We note again that this court has found no authority supporting Mr. Morton's assertion that "an answer filed at any time before entry of a default judgment eliminates the trial court's discretion to grant judgment by default." *Looper*, 86 S.W.3d at 196. Similarly, we find no authority bolstering Mr. Morton's contention that his very late-filed answer rendered the hearing on the motion for default judgment unnecessary.

Mr. Morton partly attributes defense counsel's mistake to the failure of APAC's counsel to notify him of APAC's intention to proceed with the hearing. This court has previously stated that "a default judgment is vacated where the appearance of the party . . . was prevented by some mistake of fact." *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). With the requisite notice having been sent to Mr. Morton, however, a lack of communication on the part of APAC's counsel does not create a mistake of fact. Mr. Morton's counsel had an obligation to either attend the hearing, request a continuance, or verify the status of the motion on the trial court's docket. Defense counsel's failure to attend the hearing, therefore, did not rise to the level of a mistake of fact under Rule 60.02(1).

Finally, we address Mr. Morton's assertion in his motion to set aside default judgment that he has "valid defenses to the claims of the Plaintiff." In defense counsel's supporting affidavit, he averred that Mr. Morton had "good and meritorious defenses on the merits to the claims." However, both statements are merely conclusory and fail to indicate what specific defenses are asserted by Mr. Morton in response to APAC's claims. Mr. Morton makes no showing of a meritorious defense, which, as the *Patterson* court has stated, is "a condition to seeking relief." *Patterson*, 665 S.W.2d at 101. Mr. Morton's efforts to set aside the default judgment are therefore insufficient to relieve him of the trial court's final judgment.

Based on the foregoing analysis and review, we are of the opinion that the trial court did not abuse its discretion when it denied Mr. Morton's motion to set aside the default judgment. We find that the trial court's decision is consistent with applicable legal standards, and therefore, we affirm the trial court on this issue.

## V. CONCLUSION

The judgment of the trial court is affirmed and the case remanded. Costs on appeal are assessed to the appellant, Samuel Robert Morton, d/b/a Morton Construction.

_____
JOHN W. McCLARTY, JUDGE