IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

## GINGER JACKSON v. GURSHEEL S. DHILLON ET AL.

**Appeal from the Circuit Court for Coffee County**
**No. 38672      L. Craig Johnson, Judge**

**No. M2012-00410-COA-R3-CV - Filed May 30, 2013**

The plaintiff appeals arguing that the trial court erred in setting aside a default judgment and dismissing all claims under the doctrine of res judicata. Based upon the record on appeal, we find no error and affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Ginger Jackson, Manchester, Tennessee, Pro Se.

Gursheel S. Dhillon, Estill Springs, Tennessee, Pro Se.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Ginger Jackson filed this action on May 6, 2011 against Gursheel Dhillon, Obie Duran Clark, Trevor Clark, and American Lock & Safe ("ALS"). According to the complaint, Ms. Jackson was a tenant at 2526 Hillsboro Boulevard, Suite A, in Manchester, Tennessee. She alleged that, on May 8, 2010, Mr. Dhillon fraudulently represented himself to be the owner of the building and hired ALS, a business owned by Obie Duran Clark, to enter the property and change the locks without Ms. Jackson's consent. Obie Duran Clark and Trevor Clark, an employee, allegedly changed the locks on the premises without confirming that Mr. Dhillon was the actual owner.

Ms. Jackson further asserted in her complaint that Mr. Dhillon had "filed multiple suits in the Franklin County General Sessions Court, Circuit Court, and Chancery Court for

Franklin County and U.S. Bankruptcy Court for the Middle Division, alleging ownership of the mark SLIM NOW-Rx." According to Ms. Jackson's allegations, all of these actions had been adjudicated and "dismissed for all claims of ownership of the mark."

Although the precise number and nature of Ms. Jackson's claims is unclear, the complaint asserts that Mr. Dhillon "has caused unsurpassed monetary injury to this Plaintiff's mark and directly to Plaintiff to include harassment, stalking, extortion, mental, physical abuse, unlawful abuse of the judicial system, and reputation and public embarrassment relating to his fraudulent actions with the Board of Medical Examiners and his unlawful tactics in the U.S. Bankruptcy Court to defraud creditors." The complaint also includes claims for violation of the Tennessee Consumer Protection Act and other state and federal statutes involving consumer protection and trademarks.

Ms. Jackson sought a permanent injunction restraining Mr. Dhillon and his agents from further use of the SLIM NOW-Rx mark and allowing her access to "all facilities previously utilized by Defendant Dhillon whereas he has engaged in unlawful usage of the mark to retrieve and/or destroy all documents, product, computer generated data, advertising, and etc. that bears the mark of SLIM NOW-Rx." Ms. Jackson requested a permanent restraining order broadly prohibiting Mr. Dhillon from engaging in a litany of acts. She further sought treble damages totaling six million dollars for various willful acts allegedly committed by Mr. Dhillon.

The ALS defendants answered the complaint on July 13, 2011. Ms. Jackson and the ALS defendants later entered into a compromise and settlement, and she dismissed her claims against them.

On July 19, 2011, Ms. Jackson filed a motion for default judgment against Mr. Dhillon alleging that he was served with the complaint on May 23, 2011, and had failed to file an answer. On July 29, 2011, Mr. Dhillon filed a motion to dismiss for failure to state a claim and failure of service of process. He alleged that he had never been served with the complaint and that he had become aware of the action only through the attorney for the ALS defendants. In opposing the motion, Ms. Jackson alleged that Mr. Dhillon had been personally served and that he was perjuring himself when he said that he had not been served.

On September 8, 2011, the court held a hearing on the plaintiff's motion for default judgment and defendant Dhillon's motion to dismiss. Mr. Dhillon was not present. The court heard a statement from Ms. Jackson as well as testimony from the process server. On September 9, 2011, the court entered an order denying Mr. Dhillon's motion to dismiss and granting Ms. Jackson a default judgment.

On September 26, 2011, Mr. Dhillon filed a motion to set aside the default judgment, a motion to alter or amend, and a response including counterclaims. Mr. Dhillon filed a response to Ms. Jackson's complaint on October 17, 2011. On October 24, 2011, Ms. Jackson filed a motion for execution of the judgment requesting that the court clerk issue a writ of execution and levy against a list of assets. In an opinion and order entered on January 6, 2012, the court dismissed the complaint and counter-complaints under the doctrine of res judicata.

Ms. Jackson filed a motion to alter or amend or set aside the judgment. The court denied the motion.

ANALYSIS

(1)

Ms. Jackson argues that the trial court erred in setting aside the default judgment and in failing to award her an order for execution on the judgment.

Ms. Jackson filed her motion for default judgment, based upon Mr. Dhillon's failure to timely file an answer to the complaint, on July 19, 2011. Before the motion for default judgment was heard, Mr. Dhillon filed a motion to dismiss for failure to state a claim and lack of service of process. These motions were both heard on September 8, 2011, and the trial court granted Ms. Jackson's motion for default judgment and denied Mr. Dhillon's motion to dismiss. (Mr. Dhillon, who represented himself, was not present at the hearing.) On September 26, 2011, Mr. Dhillon filed a motion to set aside the court's order granting a default judgment.

Both parties represented themselves at a hearing in January 2012. While the court did not expressly set aside the previous default judgment, it proceeded to dismiss both the complaint and any counter-complaints on the basis of res judicata. Thus, it appears that the trial court implicitly set aside the prior default judgment.

In his motion seeking relief from the default judgment, Mr. Dhillon cited both Tenn. R. Civ. P. 59 and Tenn. R. Civ. P. 60. Because his motion was filed within 30 days of the default judgment, the judgment had not become final, and the proper avenue for relief was Tenn. R. Civ. P. 59.04. *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977); *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008); *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984). Tennessee Rule of Civil Procedure 59.04 allows a court to correct errors before a judgment becomes final. *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). Grounds for relief under Rule 59.04 include preventing

injustice. *Id.*

Our review of a trial court's decision to grant or deny a motion for relief under Tenn. R. Civ. P. 59.04 is under the abuse of discretion standard. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Ferguson*, 291 S.W.3d at 386. An abuse of discretion occurs if a trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). Under this standard, we are required to uphold the ruling "as long as reasonable minds could disagree about its correctness." *Id.* Furthermore, "we are not permitted to substitute our judgment for that of the trial court." *Id.* Thus, under the abuse of discretion standard, we give great deference to the trial court's decision. *See Goins*, 104 S.W.3d at 479.

We find no abuse of discretion in the trial court's decision to set aside the default judgment.

(2)

Ms. Jackson also assigns error to the trial court's decision to dismiss this case under the doctrine of res judicata.

The determination of whether res judicata or collateral estoppel applies is a question of law. *Mullins v. State*, E2007-01113-COA-R9-CV, 2008 WL 199854, at *4 (Tenn. Ct. App. Jan. 24, 2008); *Tareco Prop., Inc. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *12 n.20 (Tenn. Ct. App. Nov.18, 2004). Thus, our review is de novo with no presumption of correctness. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Res judicata is based on the principles that "the same parties, in the same capacities, should not be required to litigate anew a matter which might have been determined and settled in a former litigation" and that "litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935). A party asserting res judicata must prove the following elements: "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits." *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

In its order dismissing the case under principles of res judicata, the trial court stated

that it had "reviewed the filings of the parties in regard to previous cases filed in the General Sessions, Chancery and Circuit Courts for Franklin County, TN." The court went on to reason as follows:

> As found in those cases, the parties are both serial litigators who continue to torment each other and the Courts in the State of Tennessee with numerous lawsuits and criminal warrants aimed at each other. The parties have both had previous run-ins with the law and the regulatory authorities in the State. The parties appeared to have gone into business together, and the aforementioned lawsuits appear to have been born as a result of that partnership's failure. Both parties have alleged in previous lawsuits that they defrauded one another and took property belonging to the other. Each of the litigants have been found to not be credible by previous Courts, and this Court has the same concerns as to their credibility.

> After reading the Final Judgments in the previous cases mentioned, and the allegations in the present Complaint, this Court believes that the doctrine and principles of *res judicata* apply. The matters in controversy had either been litigated or should have been litigated during the parties' previous "bites at the apple."

A supplemental record filed in this appeal includes filings and orders from the following additional lawsuits involving these same parties:

- *Gursheel S. Dhillon, M.D. d/b/a Winchester Clinic of Internal Medicine, d/b/a SLIM NOW-Rx v. James Sherrill and Ginger Jackson* (Franklin County Chancery Court No. 19108) filed on May 13, 2010. This case was transferred to Franklin County Circuit Court and consolidated with circuit court No. 18114.
- *Ginger Jackson v. Gursheel S. Dhillon* (Franklin County General Sessions Court No. 24895) filed on May 13, 2010. A final judgment entered on August 27, 2010 awarded Ms. Jackson a judgment for $3569.81 for amounts "she contributed to the business that was not recovered by her."
- *Gursheel Dhillon v. Ginger Jackson* (Franklin County General Sessions Court No. 25341) filed on August 23, 2010. This was a replevin action for personal property. After a general sessions judgment awarding Mr. Dhillon possession of his files and charts, the case was appealed to circuit court. The circuit court dismissed the case in April 2011.
- *Ginger Jackson v. Gursheel S. Dhillon* (Franklin County Circuit Court No. 18244) filed on April 8, 2011. Ms. Jackson sought to recover for loans and personal and

business expenses.[1]

While this court has limited information about the issues involved in these prior lawsuits, we note that all were filed after May 8, 2010, the date of the incident that forms the basis for the current lawsuit. Based upon the record, we find no error in the trial court's determination that the present suit was barred by res judicata.

We deny Mr. Dhillon's request to award him attorney fees for a frivolous appeal.

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[1]The supplemental record also includes petitions for orders of protection filed by Mr. Dhillon and Ms. Jackson against one another.