## HUTCHENS v. HOLLAND. (No. 438.)

Court of Civil Appeals of Texas. Eastland.
April 27, 1928.

Rehearing Denied June 8, 1928.

1. Sales ⚖➞418(1)—Buyer of grocery stock could not recover reasonable value of services as part of operating expenses, deductible from profits payable to seller, as damages for breach of contract.

Provision of contract for sale of stock of groceries that buyer pay seller net profits from sales of merchandise after deducting operating expenses *held* not to authorize recovery of reasonable value of buyer's services as part of such expenses on seller's breach of contract, which was one of sale, not hire.

2. Sales ⚖➞418(1)—Buyer not damaged by seller's breach of contract was entitled to nominal damages.

Purchaser of grocery stock was entitled to nominal damages for seller's breach of contract, though evidence was insufficient to establish any actual damages.

Appeal from District Court, Knox County; Isaac O. Newton, Judge.

Action by S. W. Holland against E. W. Hutchens. Judgment for plaintiff, and defendant appeals. Reformed, and affirmed as reformed.

D. J. Brookreson, of Benjamin, for appellant.

J. S. Kendall, of Munday, for appellee.

HICKMAN, C. J. Appellee sued appellant for damage for the breach of two written contracts. One of these contracts was as follows:

"The State of Texas, County of Knox:

"This agreement, made and entered into by and between E. W. Hutchens and S. W. Holland, each of Knox county, Tex., witnesseth:

"That the said E. W. Hutchens has this day contracted for the sale to the said S. W. Holland of all of that certain stock of groceries situated in the building situated on lot No. 9 in block No. 7 of the town of Goree, Tex., at and for the price and upon the terms and subject to the conditions and stipulations hereinafter provided.

"The said E. W. Hutchens has delivered to the said S. W. Holland the said stock of groceries the same to be taken, managed, replenished, and conducted by the said S. W. Holland in the manner hereinafter stated.

"The said S. W. Holland hereby agrees to take possession of said stock of groceries, to conduct the same in good merchantlike manner, to purchase such goods and merchandise as may be necessary to keep said stock replenished to its present value, to pay for all goods purchased, and to pay over to the said E. W. Hutchens the net profits arising from sales of merchandise, after deducting operating expenses, in manner as hereinafter provided:

"The said S. W. Holland further agrees to keep an accurate record of sales and purchases and to render an account of the same to the said E. W. Hutchens the 15th day of August, 1927, and a like account of sales and purchases on the 15th day of September and monthly thereafter until a final consummation of this contract, and at each accounting to pay over the net profits to date thereof and in manner above herein provided.

"The said E. W. Hutchens agrees to accept the payments of profits made under the terms of this contract above recited on dates specified, and to satisfy and discharge any indebtedness against the stock of goods above mentioned other than for the purchase of goods subsequent to the date of this contract, and on or before the 1st day of November, 1927, to fully satisfy all creditors who hold claims against said goods at date of this contract, and upon satisfaction of said indebtedness to deliver to said S. W. Holland said stock of goods free and discharged from liens, the price to be determined by inventory to be taken of said goods at the wholesale price then prevailing, and after applying the sums of money paid to the said E. W. Hutchens by said S. W. Holland any balance remaining of the purchase price determined as above shall be paid in manner following: The groceries as shown by the inventory to be taken as provided are to be paid for by execution of two notes each for one half of total of said inventory to bear date Nov. 1st, 1927, and to be

due and payable six and twelve months respectively after their date and bear interest after their date at rate of ten per cent. per annum; the fixtures at the invoice price to be paid for by the execution of one note for total price of same due twelve months after its date and to bear interest at the rate of ten per cent. per annum from date and to be secured by chattel mortgage on the fixtures so invoiced.

"It is mutually agreed that this contract may sooner consummate provided the Bulk Sales Law of the state of Texas can be complied with; and, in event of earlier compliance and consummation of this contract, then the notes above provided shall mature and become payable the respective times from date of actual consummation of this sale in lieu of dates hereinabove provided.

"Witness our hands this 25th day of July, 1927. [Signed] E. W. Hutchens.
"S. W. Holland."

The other was a rental contract on the building in which appellant was conducting his business, and provided for the rental by appellant to appellee of said building for a term of 17 months, beginning August 1, 1927, at the rate of $50 per month. For the breach of the contract copied above appellee claimed damages in the sum of $300 as the reasonable value of his services from August 1, 1927, to November 1, 1927, and also the sum of $1,400 for loss of profits which would have accrued to him from the operation of his store after November 1, 1927, had same been delivered to him as provided in the contract. For breach of the rental contract, appellee alleged damages in the sum of $400.

The case was submitted to the jury on special issues, by their answers to which they determined that appellant breached his contracts, that appellee would have realized no profits from the operation of the grocery business after November 1, 1927, and that the reasonable rental value of the store building was $50 per month, the amount which appellee was obligated under his contract to pay therefor. By these findings the jury determined that no damages were suffered by appellee on account of the failure to deliver the stock of goods or to deliver the building covered by the rental contract, and no judgment was rendered on either of these alleged items of damage.

One of the special issues submitted by the court to the jury was as follows:

"What would have been the reasonable value expressed in dollars and cents for the services of plaintiff from August 1, 1927, to November 1, 1927?"

To this issue the jury answered $300, and upon this answer judgment was rendered for appellee against appellant for that amount.

[1] Appellee's allegations in his petition whereby the liability of appellant for this item of damage is sought to be charged are, in substance, that, in pursuance of the terms of said contracts, he rented him a house in the town of Goree and tendered himself to appellant as ready and willing to enter upon the performance of the terms of said contract, but that defendant failed and refused to deliver said building and said stock of goods to him as provided therein. Following these allegations appellee alleges:

"That under and by virtue of said contract first above herein alleged it was expressly understood and agreed between plaintiff and defendant that plaintiff was to devote his entire time and attention to the management of said stock of groceries and to receive as his compensation for so doing a reasonable wage and salary to be retained by him as a part of the operating expenses mentioned in said contract, and it was further expressly agreed and understood between the plaintiff and defendant that the defendant was to devote his time to the assisting of plaintiff in the operation and management of said business from August 1, 1927, to November 1, 1927, at the monthly salary of $30 per month, same to be included as operating expenses under said contract."

From the foregoing allegations it is clear that the liability of appellant is based upon appellee's construction of the written contract. No liability is alleged except that which existed "under and by virtue of said contract." This written contract does not bear this intrepretation. There is no provision therein which could be construed as an obligation on the part of appellant to pay appellee the reasonable value of his services, or as an obligation on the part of appellee to pay appellant $30 per month. If such contract was made between the parties, same was entirely independent of the contract relied upon in the petition.

It seems to be the contention of appellee that, since under the terms of the contract he was to deduct operating expenses from the business before turning over the profits to appellant, this provision should be construed to permit him to deduct the reasonable value of his services as a part of the operating expenses. We cannot adopt this construction. This was a contract of sale, and not one of hire. Construing it as a whole, we are of the opinion that it is not susceptible of the construction that any obligation was created thereby against appellant to pay appellee, or allow him to deduct from the profits, any sum of money as a salary. The only measure of damages available to appellee was resolved against him by the jury.

[2] The jury found that appellant breached his contract, and although the evidence was insufficient to establish any damages appellee is, nevertheless, entitled to nominal damages for the breach. Caswell v. McCall & Sons (Tex. Civ. App.) 163 S. W. 1001.

The judgment of the trial court will be reformed so as to award appellee $1 and costs of the lower court in lieu of the award of $300, and as reformed will be affirmed.