IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 14, 2015 Session

## CHRISTIE CREWS v. GARY JACK

**Appeal from the Circuit Court for Madison County
No. C1487     Nathan B. Pride, Judge**

_____

**No. W2014-01964-COA-R3-CV –Filed May 29, 2015**
_____

Plaintiff filed suit against defendant in general sessions court. After the general sessions court entered judgment in favor of defendant, plaintiff appealed to the circuit court. The circuit court conducted a trial *de novo*, but the defendant failed to appear and defend. The circuit court entered a default judgment in favor of plaintiff after she presented her proof. Defendant filed a motion to set aside the default judgment alleging that he never received notice of the trial date in circuit court. The circuit court denied defendant's motion to set aside the default judgment. We reverse the circuit court's ruling and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J., joined.

Donald D. Glenn, Jackson, Tennessee, for the appellant, Gary Jack.

A. Russell Larson, Jackson, Tennessee, for the appellee, Christie Crews.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

(Continued…)

## Background

On January 16, 2014, Christie Crews ("Appellee") filed a complaint against Gary Jack ("Appellant") in the General Sessions Court of Madison County alleging that Mr. Jack wrongfully demolished her vehicle.[2] In the civil warrant, Ms. Crews listed two addresses for service of process on Mr. Jack: 58 Mifflin Road, Jackson, Tennessee, and 3019 Beech Bluff Road, Jackson, Tennessee. The Madison County Sheriff's Department subsequently served the civil warrant on January 21, 2014 upon Mr. Jack at his home address, 3019 Beech Bluff Road, Jackson, Tennessee.[3]

On February 24, 2014, Mr. Jack appeared in general sessions court at the docket call to answer Ms. Crews's allegations. Mr. Jack disputed liability in this case at the docket call, and a trial date was then set before Judge Christy R. Little to occur in April 2014. The civil warrant's "Judgment" section indicates that Mr. Jack prevailed at trial, and Ms. Crews's case was dismissed on April 7, 2014.

On April 17, 2014, Ms. Crews appealed the judgment of the general sessions court to the Circuit Court of Madison County. Mr. Jack alleges that he did not receive any notice of the appeal or notice of the subsequent hearing dates. The record includes several letters and notices sent by the circuit court to Mr. Jack at the various addresses. First, the record includes a letter from the office of the Madison County Circuit Court Clerk. An envelope bearing the court clerk's return address shows that this letter was mailed to Mr. Jack at 58 Mifflin Road, Beech Bluff, Tennessee. The mailing was returned with the United States Postal Service designation "Return to Sender No Such Number Unable to Forward."

Next, the record includes a letter dated April 24, 2014 from Circuit Judge Nathan

---

(…continued)

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The underlying allegations in Ms. Crews's lawsuit are not relevant to this appeal.

[3] The civil warrant only indicates that service had been achieved on Mr. Jack; it does not indicate at which address service occurred. However, the unrefuted testimony of Mr. Jack and the statement of the evidence, discussed *infra*, indicate that Mr. Jack was served at his home address of 3019 Beech Bluff Road, Jackson, Tennessee.

B. Pride sent to Mr. Jack at 58 Mifflin Road, Jackson, Tennessee. The letter states that the circuit court set the case for trial on June 3, 2014. The record does not include a returned envelope for this mailing, presumably because it had been delivered to the address.

Last, an Order and Notice of Hearing was filed on June 3, 2014 by Judge Pride that rescheduled the case for July 7, 2014. The Order and Notice of Hearing indicates that it was mailed to Mr. Jack at two addresses: 58 Mifflin Road, Jackson, Tennessee, and 58 Mifflin Road, Beech Bluff, Tennessee. The mailing to 58 Mifflin Road, Beech Bluff, Tennessee, was returned with the United States Postal Service designation "Return to Sender No Such Number Unable to Forward." The record does not include a returned envelope for the notice sent to 58 Mifflin Road, Jackson, Tennessee, presumably because it had been delivered to the address. In sum, all of the notices sent from the circuit court's office to 58 Mifflin Road, Beech Bluff, Tennessee, were returned to the sender as undeliverable. The notices sent to Mr. Jack at 58 Mifflin Road, Jackson, Tennessee, were presumably delivered. No notices were ever mailed to Mr. Jack at 3019 Beech Bluff Road, Jackson, Tennessee, Mr. Jack's home address and the place of service of the original general sessions civil warrant.

On July 7, 2014, the circuit court was prepared to hold a trial *de novo* on Ms. Crews's appeal. Ms. Crews and her witnesses were present; however, Mr. Jack was not. The court waited an additional fifteen minutes for him to appear. Counsel for Ms. Crews moved for an entry of default judgment against Mr. Jack, which the circuit court granted after hearing Ms. Crews's proof. The circuit court entered judgment by written order on July 15, 2014. The Certificate of Service on the judgment indicates that it was mailed to Mr. Jack at 58 Mifflin Road, Jackson, Tennessee.

According to later testimony, Mr. Jack received a copy of the judgment after his neighbor (to whom the judgment was mailed) brought it to him. Mr. Jack then went to the clerk's office and reviewed the court file and noticed that some of the court notices and letters had been returned as undeliverable. Until this point in the proceedings, Mr. Jack had been unrepresented by counsel.

On July 24, 2014, Mr. Jack, through counsel, filed a Motion to Set Aside the Default Judgment and to Vacate the Default Judgment. As the basis for his motion, Mr. Jack argued that he had never been properly served with notice of the hearing date.

The trial court held a hearing on Mr. Jack's motion on August 12, 2014. Ms. Crews did not attend, although her counsel did. At the hearing, Mr. Jack was the only

witness. [4] He testified that he neither owns property nor resides at 58 Mifflin Road, Jackson, Tennessee, or 58 Beech Bluff, Jackson, Tennessee. He admitted that he operates a shop at 58 Mifflin Road, Jackson, Tennessee, but stated that he does not own the property. Mr. Jack testified that while there is a mailbox located on this property, the mailbox belongs to a residence next to Mr. Jack's shop. According to Mr. Jack, he does not know the names of the people who live next door to his shop and who own the mailbox. He asserted that the circuit court did not send notice of the hearing date to his home address (the address where he was served with the general sessions civil warrant) of 3019 Beech Bluff Road, Jackson, Tennessee.

Mr. Jack also testified that he was unaware that Ms. Crews was pursuing an appeal in the circuit court because he was never mailed any notices. Additionally, Mr. Jack stated that he called the Madison County Sheriff's office ten days after the entry of the general sessions judgment to inquire as to whether they had any papers to serve him. The Sheriff's office said it did not. However, Mr. Jack admitted that he did speak to Ms. Crews's counsel, Mr. Russell Larson, via telephone when Mr. Larson called and asked Mr. Jack if he was ready to proceed to trial. According to Mr. Jack, Mr. Larson did not inform him of the trial date nor did he tell him Ms. Crews had appealed. Mr. Jack testified that he believed Ms. Crews "may be suing him for something else[.]"

Despite Mr. Jack's protestations that he did not receive notice of the trial date in circuit court, his motion was denied by written order entered August 20, 2014. Mr. Jack appealed the trial court's judgment on September 9, 2014.

## Issues

Mr. Jack presents two interrelated issues for review on appeal:

> 1. Whether the trial court abused its discretion when it refused to set aside the default judgment entered against Mr. Jack; and
> 2. Whether the trial court properly entered the default judgment against Mr. Jack.

---

[4]Mr. Jack filed an unopposed Statement of the Evidence detailing his testimony from the hearing on his motion. Tennessee Rule of Appellate Procedure 24(c) directs appellants to prepare a statement of the evidence in certain cases, such as where a transcript of a hearing is not available. Rule 24(c) permits appellees to file an objection to the appellant's statement within fifteen days. Here, Ms. Crews did not file an objection to Mr. Jack's statement. Thus, we elicit the facts of this appeal from Mr. Jack's unopposed Statement of the Evidence.

Additionally, in her posture as Appellee, Ms. Crews presents an additional issue:

> 1. Whether the trial court erred in not finding that Mr. Jack's notice of appeal was time barred by Rule 62 of the Tennessee Rules of Civil Procedure.

## Timeliness of Mr. Jack's Appeal

As a preliminary matter, we address Ms. Crews's contention that Mr. Jack's appeal is time-barred. Ms. Crews argues that, because Mr. Jack did not seek a stay or suspension of the circuit court's judgment in favor of Ms. Crews, the judgment became final after thirty days. We respectfully disagree.

In order to preserve an appeal as of right, an appellant must timely file his notice of appeal. Tenn. R. App. P. 3(e). Failure to timely file an appeal precludes this Court from obtaining subject matter jurisdiction. *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citations omitted). Tennessee Rule of Appellate Procedure 4(a) requires an appellant to file his notice of appeal within thirty days of the entry of the judgment appealed from. However, Rule 4(b) suspends the operation of the thirty-day time frame while certain post-trial motions are properly pending in the trial court. Tenn. R. App. P. 4(b). One such motion is a motion for new trial pursuant to Rule 59.07 of the Tennessee Rules of Civil Procedure. Tenn. R. App. P. 4(b). We have consistently recognized that a timely filed and served motion to set aside a default judgment is deemed a motion for new trial pursuant to Rule 59.07. *See, e.g.*, *Henson v. Diehl Machs., Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984). Thus, a motion to set aside a default judgment suspends the thirty-day time frame in which an appellant generally has to file an appeal under Rule 4(a). *Id.*; *see also* Tenn. R. App. P. 4(b).

The circuit court entered the default judgment on July 15, 2014. Mr. Jack filed his motion to set aside on July 24, 2014, which is clearly within thirty days of the entry of default judgment. Accordingly, we conclude that Mr. Jack's filing of his motion to set aside the default judgment suspended the thirty-day rule of Rule 4(a). He filed his appeal on September 9, 2014, which is within thirty days of the circuit court's denial of the motion to set aside on August 20, 2014. Thus, Mr. Jack's appeal was timely filed and is properly before this Court. We next turn to the issue concerning the trial court's denial of Mr. Jack's motion to set aside the default judgment.

## Motion to Set Aside Judgment

Here, Mr. Jack appeals the trial court's denial of his motion to set aside the default judgment that was entered against him because he did not receive notice of the

trial date.

As an initial matter, we address both parties' classification of the trial court's final judgment as a "default judgment." A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Tenn. R. Civ. P. 55.01. Here, Mr. Jack was not required at any point before the circuit court trial date to file any responsive pleadings. ***Nicholson v. Lester Hubbard Realtors***, No. W2010-00658-COA-R3-CV, 2010 WL 4244135 (Tenn. Ct. App. Oct. 28, 2010) (citing ***Vinson v. Mills***, 530 S.W.2d 761 (Tenn. 1975) ("Nothing in the [Tennessee Rules of Civil Procedure], however, requires that the parties replead their action . . . once a case is appealed from a general sessions court to a circuit court."). Thus, Mr. Jack's purported failure to appear at trial was his only misstep. At least two other cases have concluded that similar situations (i.e. where the defendant's only mistake was a failure to appear at the hearing or trial) did not result in default judgments "but, rather, was a judgment based on the issues joined by the pleadings and the testimony and evidence presented at the trial." *E.g.*, ***Fausnaught v. DMX Works, Inc.***, No. M2011-01911-COA-R3-CV, 2012 WL 2087157 (Tenn. Ct. App. June 8, 2012) (holding that the action of the trial court was not a default judgment when the defendant failed to appear at trial because the defendant had filed an answer (albeit after several delays)); ***Barber & McMurry, Inc. v. Top-Flite Dev. Corp.***, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986) (holding that the trial court's judgment was not a default judgment because it was based on evidence presented at trial, even though defendant failed to appear for trial). However, several cases have also analyzed similar situations as if the resulting judgment was properly classified as a default judgment. *E.g.*, ***Beck v. Beck***, No. W2011-01806-COA-R3-CV, 2012 WL 1656228 (Tenn. Ct. App. May 11, 2012) (analyzing as a default judgment a situation where former wife failed to appear for a hearing based on lack of notice by former husband); ***Campbell v. Archer***, 555 S.W.2d at 110 (holding that, where defendants' counsel had no knowledge of trial date, facts made out a case of a excusable neglect whereby the trial court erred in refusing to set aside the "default judgment").

As such, our research has revealed that Mr. Jack's motion could be properly termed several ways. First, if the judgment entered is a proper default judgment, Mr. Jack's motion may be properly termed a motion to set aside a default judgment brought pursuant to Tennessee Rule of Civil Procedure 55.02. *See* Tenn. R. Civ. P. 55.02 ("For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."). Second, and again when the judgment is a proper default judgment, several cases have concluded that a motion to set aside the default judgment should be deemed a motion for a new trial under Rule 59.07. ***Hanson v. Diehl***, 674 S.W.2d 307 (Tenn. Ct. App. 1984); ***Campbell v. Archer***, 555 S.W.2d 110 (Tenn. 1997). Finally, if the judgment entered against Mr. Jack is not actually a default judgment, Mr. Jack's motion may be

6

properly termed a motion to alter or amend the judgment brought pursuant to Rule 59.04. We believe, in this instance, that any distinction is immaterial.

Regardless of the rule that technically governs Mr. Jack's motion, we review the trial court's decision under an abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (motion to set aside default judgment); *Campbell*, 555 S.W.2d 110 (Tenn. 1977) (motion for new trial); *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003) (motion to alter or amend). Consequently, we will not set aside the trial court's ruling unless it has abused its discretion. *Moore v. Palmer*, 675 S.W.2d 192, 194 (Tenn. Ct. App. 1984). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Johnson v. Richardson*, 337 S.W.3d 816, 819 (Tenn. Ct. App. 2010) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). We will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. *Eldridge*, 42 S.W.3d at 85. While this standard is a heavy burden for the appellant, Tennessee law highly favors that cases are determined on the merits. *Bowers v. Gutterguard of Tenn., Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 22994302 (Tenn. Ct. App. Dec. 17, 2003).

In the instant case, the only evidence before the trial court and the only evidence in the record shows that Mr. Jack does not reside at or own any of the addresses to which the circuit court mailed notices of the trial date in the circuit court. It is a fundamental principle in American law that "notice and the opportunity to be heard are the minimal requirements of due process." *Guseinov v. Synergy Ventures, Inc.*, No. M2014-00213-COA-R3-CV, 2014 WL 5390567 (Tenn. Ct. App. 2014) (citing U.S. Const. amend. XIV; *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). Further, "[b]asic due process requires 'notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Burnett v. Burnett*, No. E2011-002297-COA-R3-CV, 2012 WL 1854666, at *2 (Tenn. Ct. App. 2012) (citing *Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950))). Mr. Jack's testimony that he was unaware of the circuit court proceedings remains uncontroverted because Ms. Crews presented no evidence at the hearing on Mr. Jack's motion. Mr. Jack had been initially served with the general sessions civil warrant at 3019 Beech Bluff Road, Jackson, Tennessee, and he asserts that if he had been served with notice at this address he would have appeared to defend on the trial date set by the circuit court. The undisputed evidence shows that Mr. Jack did not receive notice of the trial date, which Tennessee courts recognize as "excusable neglect" and a proper basis to set aside a judgment. *Estate of Vanleer*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *6 (Tenn. Ct. App. Dec. 5, 2002) (citing Tenn. R. Civ. P. 60.02; *Campbell v. Archer*, 555

7

S.W.2d 110, 113 (Tenn. 1977)). Furthermore, there is nothing in the record that suggests that Mr. Jack's failure to appear at trial was the result of defiance or obstruction; indeed, Mr. Jack promptly appeared to defend against Ms. Crews's allegations in the general sessions court, and there is nothing in the record on appeal to suggest that he would not have done so in the *de novo* trial on Ms. Crews's appeal. *See **Orten v. Orten***, 185 S.W.3d 825, 830 (Tenn. 2005) (holding that trial court did not abuse its discretion in declining to alter or amend a judgment after husband's failure to appear was likely due to "his being obstructive and defiant"). From our review of both the Statement of the Evidence submitted to this Court without objection from Ms. Crews and the trial court's written order,[5] the trial court made no credibility findings from which this Court could conclude that the trial court found Mr. Jack to be an unreliable witness. Under these circumstances, we conclude that the trial court abused its discretion in denying Mr. Jack's motion based on the undisputed testimony that he had no notice of the trial date. To conclude otherwise, based on the unopposed testimony, is an abuse of discretion because it defies logic and causes an injustice to the party complaining. *See **Johnson***, 337 S.W.3d at 819.

## Conclusion

The decision of the Circuit Court of Madison County denying Mr. Jack's motion to set aside the default judgment is reversed. We remand this case to the trial court for further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellee Christie Crews for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] In her brief, Ms. Crews contends that the trial court stated that it did not believe Mr. Jack's recitation of the facts surrounding his failure to appear at the trial. First, as previously discussed, the Statement of the Evidence presented by Mr. Jack does not contain such a statement by the trial court. If the Statement of the Evidence was not accurate, Ms. Crews was required to file an objection in the trial court to correct it. *See* Tenn. R. App. P. 24(c). This she failed to do. More importantly, however, the trial court speaks through its orders. ***Alexander v. JB Partners***, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011). Because the trial court's order does not contain any indication that the trial court questioned Mr. Jack's credibility, we will not consider Ms. Crews's allegation on appeal.